UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 13-87-HRW

CLIFFORD C. SMITH, II
and ANTHONY A. SMITH,
Administrators of the ESTATE OF CLIFFORD C. SMITH
a/k/a CLIFFORD CORNELIUS SMITH
and C.C. SMITH, PLAINTIFFS,

v. MEMORANDUM OPINION AND ORDER

PEERLESS INDEMNITY INSURANCE COMPANY
and
ANTHONY DECESARE, DEFENDANTS.

This matter is before the Court upon Plaintiffs' Motion to Remand [Docket No. 8]. The motion has been fully briefed by the parties [Docket Nos. 11 and 14] and for the reason stated herein the Court finds remand to be appropriate.

I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from the tornado which devastated West Liberty, Kentucky on March 2, 2012. A commercial building owned by Clifford Cornelius Smith was among those damaged by the storm. At the time of the damage, the building was covered by a policy issued by Defendant Peerless Indemnity Insurance Company (hereinafter "Peerless"). Disputes arose between Smith and Peerless regarding compensation for the loss under the policy. Ultimately, Clifford C. Smith, II and Anthony A. Smith filed this civil action in Morgan Circuit Court, as administrators of their father's estate, against Peerless and its adjustor Anthony DeCesare, alleging breach of contract and both common law and statutory bad faith.

Peerless filed a Notice of Removal alleging jurisdiction pursuant to 28 U.S.C. § 1332, which provides, in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between... citizens of different States;

28 U.S.C. § 1332 (a)(1). The requisite amount in controversy does not appear in dispute. With regard to citizenship, in its Notice of Removal Peerless states:

> 2. Plaintiffs are at the time of the filing of this Notice of Removal, and was at the commencement of this action, citizens and residents of the Commonwealth of Kentucky.
>
> 3. Defendant Peerless is at the time of the filing of this Notice of Removal, and was at the time of the commencement of this action, a corporation organized and existing under the laws of the State of Illinois and having its principal place of business in Boston, Massachusetts.
>
> 4. The Court may properly disregard the citizenship of Defendant Mr. DeCesare on the ground that his joinder in this action is fraudulent and the Plaintiffs have neither asserted a claim against him, nor have the general claims asserted in their Complaint raised any allegations of wrongdoing against him for which Kentucky law provides a remedy.

[Docket No. 1, ¶¶ 2-4].

Peerless acknowledges that absence of diversity of citizenship but claims that the non-diverse Defendant Anthony DeCesare was fraudulently joined as a defendant for the specific purpose of defeating federal jurisdiction. It argues that, as he was fraudulently joined, DeCesare's citizenship is not relevant to the jurisdiction inquiry and that this Court may properly exercise jurisdiction over this matter.

Plaintiffs deny that DeCesare was fraudulently joined and seek a remand of this matter back to Morgan Circuit Court.

II. STANDARD OF REVIEW

It is well-established in the Sixth Circuit that "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne v. American Tobacco Co.*, 183F.3d 488, 493 (6th Cir. 1999). A Defendant is fraudulently joined if there is no "reasonable basis for predicting that state law might impose liability on the facts involved." *Alexander v.Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "The question before the Court is not whether Plaintiffs will prevail at trial on their claims against the [non-diverse defendants] or whether the Court believes that the [non-diverse defendants] were joined to defeat diversity. The question is whether, [the removing party] has shown that there is no colorable basis for predicting that Plaintiffs could prevail against the non-diverse [defendants] in state court." *Anderson v. Merck & Co. Inc.*, 417 F. Supp. 2d 842, 845 (E.D. Ky. 2006). In this inquiry, courts will resolve any disputed questions of fact or ambiguities of applicable state law in favor of the plaintiff. *Coyne,* 183 F.3d at 493.

The Court is mindful that the fraudulent joinder "standard is even more favorable to Plaintiffs than the standard for ruling on a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Id.* In other words, the party alleging fraudulent joinder bears a more substantial burden than a party seeking dismissal pursuant to Rule 12(b)(6). *See Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012).

III. ANALYSIS

In their Complaint, Plaintiffs allege breach of contract and bad faith. As the contract at issue is between Plaintiffs and Peerless, the only claim against DeCesare is bad faith. Peerless contends that Plaintiffs cannot recover against DeCesare for bad faith and, thus,

under the analysis set forth above, he should be deemed fraudulently joined and his citizenship ignored for the purposes of determining whether this Court may exercise jurisdiction over this case.

Yet the viability of a bad faith claim against a insurance adjuster is a source of ambiguity in Kentucky. Recent cases in this district recognize the uncertainly and, specifically, held that this uncertainty prevented defendants from proving the plaintiffs had fraudulently joined bad-faith claims against an in-state insurance adjuster. *Collins, et. al. V. Montpelier US Insurance Company, et. al.,* No. 11-cv-166 (E.D. Ky. December 12, 2011)(Thapar, J.). *See also Gibson v. Am. Mining Ins. Co.*, No. 08-118-ART, 2008 WL 4602747 (E.D. Ky. Oct. 16, 2008) (Thapar, J.), *Mattingly v. Chartis Claims, Inc.*, No. 11-cv-48, 2011 WL 4402428 (E.D. Ky. Sept. 20, 2011) (Bertelsman, J.); *Montgomery v. L&M Trucking & Equip. Co.*, No. 6:09-cv-46 (E.D. Ky. Mar. 30, 2010) (Van Tatenhove, J.); *N. Am. Specialty Ins. Co. v. Pucek*, No. 5:09-cv-49, 2009 WL 3711261 (E.D. Ky. Nov. 4, 2009) (Hood, J.); *see also Wright v. Allstate Ins. Co.*, No. 03-cv-501 (E.D. Ky. Mar. 5, 2004) (Forester, J.) (holding that the plaintiffs had not fraudulently joined a claims adjuster because "the question of whether or not the [Unfair Claims Act] restrains and regulates the actions of individual claims adjusters is still unresolved"). The undersigned concurs.

In ignoring the ambiguity in Kentucky law and insisting upon federal jurisdiction, Peerless ignores the distinction between the standards for fraudulent joinder and Rule 12(b)(6). A federal court is not permitted to find fraudulent joinder "unless it [is] clear that there can be no recovery" against the in-state defendant. *Saltire Indus., Inc. v. Waller, Lansden, Dortch & Davis, PLLC,* 491 F.3d 522, 530 (6th Cir. 2007). As a result, Peerless

must prove that the Smiths have no reasonable basis for recovering against DeCesare—a standard "more stringent" than a motion to dismiss. *Gibson* 2008 WL 4602747 at *5. As Judge Thapar observed, this is an "uphill climb." *Collins*, No. 11-166-ART at p. 3. The climb is made all the more arduous by the tenet that the Court resolve all ambiguities in favor of the Smiths. *See Coyne*, 183 F.3d at 493.

This is not say that the bad-faith claim against DeCesare will survive a dispositive motion. That is not for this Court to decide. However, given the ambiguity in Kentucky law, there is a reasonable basis for recovery. As a result, Peerless has not carried its heavy burden of proving fraudulent joinder.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [Docket No. 8] be **SUSTAINED**. **IT IS FURTHER ORDERED** that this matter be **REMANDED** to the Morgan Circuit Court and **STRICKEN** from the docket of this Court.

This 25th day of November, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge